1  Joel E. Elkins (SBN 256020)
   jelkins@weisslawllp.com
2  **WEISSLAW LLP**
   9107 Wilshire Blvd., Suite 450
3  Beverly Hills, CA 90210
   Telephone: 310/208-2800
4  Facsimile:  310/209-2348

5  *Attorneys for Plaintiff*

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11  RAE YANG,                              ) Case No.
                                           )
12          Plaintiff,                     )
                                           )
13     vs.                                 ) **COMPLAINT FOR VIOLATIONS OF**
                                           ) **THE FEDERAL SECURITIES LAWS**
14                                         )
    TELARIA, INC., PAUL CAINE, MARK        ) JURY TRIAL DEMANDED
15  ZAGORSKI, DOUG KNOPPER, RACHEL         )
    LAM, WARREN LEE, JAMES ROSSMAN,        )
16  ROBERT SCHECHTER, and KEVIN            )
    THOMPSON,                              )
17                                         )
                                           )
18          Defendants.                    )
                                           )
19

20
        Plaintiff Rae Yang ("Plaintiff"), upon information and belief, including an examination and
21
   inquiry conducted by and through her counsel, except as to those allegations pertaining to Plaintiff,
22
   which are alleged upon personal belief, alleges the following for her Complaint:
23
                              **NATURE OF THE ACTION**
24
        1.     Plaintiff brings this action against Telaria, Inc. ("Telaria" or the "Company") and the
25
   members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations
26
   of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C.
27

28
                                              - 1 -
                    COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

§§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of their attempt to sell the Company to The Rubicon Project, Inc. ("Rubicon Project"), through its wholly owned subsidiary Madison Merger Corp. (the "Proposed Transaction").

2. On December 19, 2019, the Company announced it had entered into an Agreement and Plan of Merger (the "Merger Agreement") pursuant to which, each Telaria stockholder will receive 1.082 shares of Rubicon Project common stock for each share of Telaria common stock they own.

3. On February 4, 2020, Telaria filed a Schedule 14A Definitive Proxy Statement (the "Proxy") with the SEC. The Proxy is materially deficient and misleading because, *inter alia*, it fails to disclose material information regarding: (i) Telaria management's financial projections relied upon by RBC Capital Markets, LLC ("RBC") for its financial analyses and the data and inputs underlying the valuation analyses performed by RBC; and (ii) the background of the Proposed Transaction. Accordingly, without additional information the Proxy is materially misleading in violation of federal securities laws.

4. The stockholder vote to approve the Proposed Transaction is forthcoming. Under the Merger Agreement, following a successful stockholder vote, the Proposed Transaction will be consummated. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin defendants from conducting the stockholder vote on the Proposed Transaction unless and until the material information discussed below is disclosed to the holders of the Company common stock, or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act

**JURISDICTION AND VENUE**

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

5. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. §1331 (federal question jurisdiction).

6. The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because: (i) the Company maintains offices in Mountain View, California and San Francisco, California; and (ii) defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Telaria.

9. Defendant Telaria is a Delaware corporation with its principal executive offices located at 222 Broadway, 16th Floor, New York, New York 10038. Telaria's common stock trades on the New York Stock Exchange under the ticker symbol "TLRA."

10. Defendant Paul Caine ("Caine") has served as Chairman of the Board since July 2017 and a director of the Company since June 2014.

11. Defendant Mark Zagorski ("Zagorski") has served as Chief Executive Officer ("CEO") and a director of the Company since July 2017.

12. Defendant Doug Knopper ("Knopper") has served as a director of the Company since October 2018.

- 3 -
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

13. Defendant Rachel Lam ("Lam") has served as a director of the Company since May 2013.

14. Defendant Warren Lee ("Lee") has served as a director of the Company since September 2006.

15. Defendant James Rossman ("Rossman") has served as a director of the Company since January 2011.

16. Defendant Robert Schechter ("Schechter") has served as a director of the Company since June 2013.

17. Defendant Kevin Thompson ("Thompson") has served as a director of the Company since January 2017.

18. Defendants identified in paragraphs 11-17 are referred to herein as the "Board" or the "Individual Defendants."

19. Relevant non-party Rubicon Project is a Delaware corporation with its principal executive offices located at 12181 Bluff Creek Drive, 4th Floor, Los Angeles, California 90094. Rubicon Project provides a technology solution to automate the purchase and sale of digital advertising inventory for buyers and sellers. Rubicon Project's common stock trades on the New York Stock Exchange under the ticker symbol "RUBI."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company and the Proposed Transaction**

20. Telaria provides a fully programmatic software platform for publishers to manage and monetize their video advertising. The Company's technology enables publishers to manage and deliver their directly sold and programmatic video inventory through a single platform. Telaria's platform is connected with leading third-party demand side platforms, through server-to-server integrations, creating a robust programmatic marketplace where publishers can seamlessly transact

with buyers.  These programmatic transactions fully automate the sales process and enable publishers to increase the value of their advertising inventory by using data to better segment and match their supply with demand.  The Company provides its platform internationally in Europe, Canada, Latin America, and the Asia Pacific regions.

21. The Company provides a full suite of tools for publishers to control their video advertising business and protect the consumer viewing experience.  These controls are particularly important for Telaria's clients in connected TV and over-the-top who need to ensure a TV-like viewing and advertising experience for consumers.  Buyers on the platform include some of the largest brand advertisers in the world and the platform is integrated with the leading video volume buyers in digital advertising.

22. On December 19, 2019, Telaria and Rubicon Project issued a joint press release announcing the Proposed Transaction, which states, in relevant part:

> LOS ANGELES & NEW YORK--(BUSINESS WIRE)--Rubicon Project (NYSE:RUBI), the global exchange for advertising, and Telaria (NYSE: TLRA), the complete software platform that optimizes yield for leading video publishers, announced today that they have entered into a definitive agreement to combine in a stock-for-stock merger. The transaction, which has been unanimously approved by the Boards of Directors of both companies, will create the world's largest independent sell-side advertising platform, poised to capture growth in CTV.
>
> Together, Rubicon Project and Telaria will enable thousands of publishers to connect with hundreds of buyers and brands, creating a global, independent alternative to closed players in the ecosystem. In addition, the combined company will be an essential omnichannel partner for buyers across formats, screens and geographies. Both companies bring premium publisher partnerships and unique technical capabilities: Telaria as a leader in CTV, and Rubicon Project as an expert in scaled programmatic operations.
>
> "The combination of Rubicon Project and Telaria will establish the world's largest, independent sell-side advertising platform with scale, capabilities and solutions unmatched by the competition," said Michael Barrett, President & CEO of Rubicon Project. "This transformative combination builds on our commitment to trust and transparency and accelerates our strategy to provide buyers and sellers with a single path to every format and channel including CTV. We could not be more excited about the future as two individually strong industry leaders with complementary assets and cultures come together to create a market leader that we believe will generate

significant opportunities for our employees, customers, partners, and stockholders worldwide."

"Our businesses are highly complementary, and when combined, are a powerful, strategic alternative to the walled gardens, which have been frustrating both buyers and sellers due to their lack of transparency, innovation bottlenecks, and conflicted business models," stated Telaria CEO, Mark Zagorski. "The two companies will provide more technology resources, a broader geographic footprint and deeper financial assets to attack the growing opportunity created by the shift from linear viewing to CTV to the benefit of our customers and in support of a thriving open internet. For our stockholders, we believe this merger allows us to accelerate our growth, while providing additional resources to increase investment and continue to scale our industry-leading CTV technology. For our employees, this is an opportunity for development and to fully realize the potential of what we have built these past few years in a scaled, omnichannel platform."

\* \* \*

Under the terms of the merger agreement, each share of Telaria common stock issued and outstanding as of the effective time of the Merger will be converted into the right to receive 1.082 shares of Rubicon Project common stock (and, if applicable, cash in lieu of fractional shares) less any applicable withholding taxes.

Upon closing, Telaria stockholders are expected to own approximately 47.1% and Rubicon Project stockholders are expected to own approximately 52.9% of the fully diluted shares of the combined company.

Upon closing, Michael Barrett will be named Chief Executive Officer of the combined company, Mark Zagorski will be named President & Chief Operating Officer and David Day will be the Chief Financial Officer. Telaria board member Paul Caine will be Chairperson of the Board of Directors of the combined company. The full board will consist of nine members; four existing directors from each company and Michael Barrett, CEO.

**The Proxy Misleads Telaria Stockholders by Omitting Material Information**

23.  On February 4, 2020, the Company filed the materially misleading and incomplete Proxy with the SEC. Designed to convince the Company's stockholders to vote in favor of the Proposed Transaction, the Proxy is rendered misleading by the omission of critical information concerning: (i) Telaria management's financial projections relied upon by RBC for its financial analyses and the data and inputs underlying the valuation analyses performed by RBC; and (ii) the background of the Proposed Transaction.

***Material Omissions Concerning Telaria Management's Financial Projections and RBC's Financial Analyses***

24. With respect to the Company's projections, the Proxy fails to disclose each of the line items underlying the Company's unlevered free cash flows, including: (i) stock-based compensation; (ii) capital expenditures; and (iii) working capital.

25. Omission of the above-referenced projections renders the financial projections included in the Proxy materially incomplete and misleading. If a proxy statement discloses financial projections and valuation information, such projections must be complete and accurate.

26. The Proxy describes RBC's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of RBC's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Telaria's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on RBC's fairness opinion in determining whether to vote in favor of the Proposed Transaction.

27. With respect to RBC's *Discounted Cash Flow Analyses*, the Proxy fails to disclose: (i) terminal year estimated unlevered, after-tax free cash flows for each of Telaria and Rubicon Project, and quantification thereof; (ii) quantification of the Company's and Rubicon Project's terminal value; (iii) Telaria's and Rubicon Project's net operating loss carryforwards utilized by RBC in the analyses; and (iv) quantification of the individual inputs and assumptions underlying the discount rates of 10.0% to 12.5% for Telaria and 12.5% to 15.0% for Rubicon Project.

28. The omission of this information renders certain portions of the Proxy materially misleading, including, inter alia, the following sections of the Proxy: "Certain Unaudited Prospective Financial Information Prepared by Telaria or Used at Telaria's Direction" and "Opinion of Telaria's Financial Advisor."

***Material Omissions Concerning the Background of the Proposed Transaction***

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

29. The Proxy also fails to disclose material information concerning the background of the Proposed Transaction.

30. The Proxy sets forth that Telaria entered into confidentiality agreements with potential buyers during the sale process. *Id.* at 57. Yet, the Proxy fails to disclose whether the confidentiality agreements executed by potential buyers include "don't-ask, don't-waive" ("DADW") standstill provisions that are presently precluding any of these potential buyers from submitting a topping bid for the Company.

31. The disclosure of the terms of these confidentiality agreements is crucial to Telaria stockholders being sufficiently informed of whether their fiduciaries have put in place restrictive devices to foreclose a topping bid for the Company.

32. The omission of this information renders certain portions of the Proxy materially misleading, including, inter alia, the following section of the Proxy: "Background of the Merger."

33. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

34. Plaintiff repeats all previous allegations as if set forth in full.

35. During the relevant period, defendants disseminated the false and misleading Proxy specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

36. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy. The Proxy was prepared,

reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about Telaria management's financial projections relied upon by RBC for its financial analyses, the data and inputs underlying the valuation analyses performed by RBC, and the background of the Proposed Transaction. The defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

38. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

39. Because of the false and misleading statements in the Proxy, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Claims Against the Individual Defendants for
Violations of Section 20(a) of the Exchange Act**

40. Plaintiff repeats all previous allegations as if set forth in full.

41. The Individual Defendants acted as controlling persons of Telaria within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Telaria, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

43. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

44. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

45. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

46. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Telaria's stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Telaria, and against defendants, as follows:

A.  Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.  Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

E.  Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: March 5, 2020                    **WEISSLAW LLP**
                                         Joel E. Elkins

                                         By: /s/ Joel E. Elkins

                                         Joel E. Elkins
**OF COUNSEL:**                          9107 Wilshire Blvd., Suite 450
                                         Beverly Hills, CA 90210
**BRAGAR EAGEL & SQUIRE, P.C.**          Telephone: 310/208-2800
Alexandra B. Raymond                     Facsimile: 310/209-2348
885 Third Avenue, Suite 3040
New York, New York 10022
Tel: (646) 860-9158                      *Attorneys for Plaintiff*
Fax: (212) 214-0506
Email: raymond@bespc.com

*Attorneys for Plaintiff*

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS